WESTERN DIST.
October, 1840.

HARRISON ET AL.
*vs.*
FAULK.

---

## HARRISON ET AL. *vs.* FAULK.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE THEREOF PRESIDING.

The party objecting to the report of auditors, ought to state all his objections at once ; a contrary practice of filing several successive oppositions is inconvenient, and embarrasses rather than facilitates the administration of the laws.

Auditors should state in their report the articles in the accounts, detailing the steps by which they arrived at the result.

The report of auditors should be signed by all of them, before it is made in court. They are *functi officiis* after their report has been made.

The court may receive evidence, on the trial, of an opposition to the report of auditors, independently of their proceedings and report, on which, if sufficient to justify it, a judgment may be rendered, disregarding the report altogether.

This is an action, to recover from the defendant the price of a plantation and slaves, sold by Harrison and wife, as long ago as the year 1826. This case has already been before this court: See 6 *Louisiana Reports*, 80.

It was remanded for a new trial, with directions to submit the matters in contest to auditors, to make out and state an account between the parties. Three auditors were accordingly appointed.

The auditors reported a balance due the plaintiffs, after deducting payment of one thousand eight hundred and fourteen dollars and sixty-eight cents, with interest thereon at five per cent. per annum, from the 7th September, 1831, until paid. The plaintiffs prayed that the report of the auditors be homologated and confirmed by the court.

The defendant made opposition on various grounds, both to the form and substance of the report.

The whole case involves simply matters of account, which can only be understood by inspection of the record.

There is a bill of exceptions taken to filing the written opposition of the defendants. It was objected to by the plaintiffs' counsel, on the ground that it was not made within ten days after filing the auditors' report, and notice thereof to the defendant.

On the trial, one of the three auditors was permitted, on motion of the plaintiffs' counsel, to come in and sign their report, which he had not previously done. This was objected to by the defendant's counsel, on the ground that auditors had no right to act separately and without notice to the parties; that if one of them failed to sign an award, the others were required by law to assign the reason for it, in their report, &c. The objection being overruled, the defendant excepted.

The plaintiffs offered in evidence sundry notes of the

WESTERN DIST.
October, 1840.

HARRISON ET AL.
vs.
FAULK.

defendant, which was objected to, on the ground that the contract of sale was alone declared on, and not the notes. The objection was overruled by the court, because the notes were included in the pleadings in an amended petition. But the defendant opposed receiving any evidence under the amended petition, on the ground that it had never been served upon him. The court decided that there was no necessity for service, as after issue joined, both parties, being in court, were bound to take notice of all amendments in the pleadings. The defendant's counsel excepted to the opinion of the court throughout.

The judge presiding rendered judgment for plaintiffs, in the sum found by the award of the auditors and referees, and against the defendant for this sum, and for all the costs.

The defendant appealed.

*M'Guire*, for the defendant and appellant, insisted that the judgment should be reversed. He went into a statement of the objections to the report of the auditors, and of the evidence of the case.

*Downes* and *Copley*, for the plaintiffs and appellees, urged the affirmance of the judgment. They showed the great delay in getting a final decision of this case ; that the report of auditors and evidence adduced, came as near a correct conclusion as could probably be obtained, and the judgment should, therefore, stand.

*Bullard, J.*, delivered the opinion of the court.

This case was before the Supreme Court several years since, and was then remanded for a new trial, with an intimation that it was a proper case to be referred to auditors, to adjust the complicated accounts between the parties : See 6 *Louisiana Reports*, 80. It appears that auditors were accordingly appointed, who, after long delays, made a report, and then a supplementary or explanatory report, to which oppositions were made and overruled, and which ultimately formed the

basis of the judgment rendered by the District Court, from which the defendant has appealed.

WESTERN DIST.
October, 1840.

HARRISON ET AL.
vs.
FAULK.

The first report of the auditors, stated a general balance of accounts, and established an amount which they thought the plaintiffs were entitled to recover, but did not set forth the accounts with such precision, as to enable the court to judge whether they acted properly, in allowing or rejecting particular items. The auditors then made a second report, differing from the first in amount, but stating the different items of account between the parties. This second account was at first signed only by two of the auditors, but the third was afterwards permitted by the court to add his signature. To the homologation of the report thus made, opposition was made on the following grounds:

The party objecting to the report of auditors, ought to state all his objections at once; a contrary practice of filing several successive oppositions, is inconvenient, and embarrasses rather than facilitates the administration of the laws.

1. That the first award was not a statement of accounts, but a decree, and not within the powers or duties of auditors of accounts.

2. It was rendered after the time had expired for which they were appointed, and without any legal notice to the defendant.

3. That a supplemental award could not be rendered after the auditors had once reported, and that it was signed only by two of the auditors.

4. That there was no oath attached to the award, as required by the code.

These objections were overruled, and the defendant afterwards filed others to the substantial merits of the report. This proceeding we think irregular. The code does not contemplate the filing of several successive oppositions, and the party objecting to a report of auditors, ought to state all his objections at once. A contrary practice would be inconvenient, and embarrass rather than facilitate the administration of the laws. We shall confine our attention, therefore, to the objections first made.

Auditors should state in their report the articles in the accounts, detailing the steps by which they arrived at the result.

We have already intimated an opinion, that the report first made was not such as required by the code. It stated the result, without detailing the steps by which the auditors arrived at it. It was not such as to enable the court to judge

whether the auditors had acted properly, in rejecting or allowing the articles in the accounts, as required by *art.* 455 of the *Code of Practice.* The question then arises, whether it was competent for the auditors to make another report, not liable to the same objections, and detailing the accounts. . The second report made in this case, was different from the first. The balance found in favor of the plaintiffs was not the same. If it had been merely a statement of the accounts, showing the same result, and only explanatory, we should be disposed to say that it might be admitted, provided it was otherwise sufficiently formal. But it was not signed by all the auditors, as required by law. The auditors were *functi officiis* after their report had been made. It was certainly within the discretion of the court to order another report to be made, and another examination of the accounts. But, we think, the court erred in making the informal one, already made the basis of its judgment.

*The report of auditors should be signed by all of them, before it is made in court. They are functi officiis after their report has been made.*

It has been urged, that the court rendered its final judgment after a trial upon the merits, independently of the report, and that it ought not now to be disturbed, on account of mere objections to the form of the report. The court might, undoubtedly, under *art.* 461 of the *Code of Practice,* admit evidence independently of the report; and if the evidence admitted upon the trial of the opposition, in this case, were sufficient to justify the judgment rendered, independently of the proceedings of the auditors, we should think ourselves authorized to affirm it, and to disregard the award altogether. But it appears that the court leaned in part upon the report of the auditors, and that the evidence in the record, without regard to that report, is not altogether satisfactory. Much as we may regret the delay, therefore, we think ourselves bound to sustain the first ground of opposition to the report of the auditors. And justice requires that the case should be remanded.

*The court may receive evidence on the trial of an opposition to the report of auditors, independently of their proceedings and report, on which, if sufficient to justify it, a judgment may be rendered, disregarding the report altogether.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed; that the report of the auditors be set aside; and it is further ordered, that the case be remanded for further proceedings, and a new trial according to law; and that the appellee pay the costs of this appeal.